MARY A. WARD

v.

CITY OF CHICAGO.

1. MOTIONS TO INSTRUCT TO FIND FOR DEFENDANT.—Motions to exclude the evidence and motions to instruct the jury to find for the defendant are in the nature of demurrers to the evidence, and hence admit not only all that the evidence proves but all that it tends to prove.

. 2. WHEN ANY EVIDENCE TO PROVE PLAINTIFF'S CASE.—Where there is any evidence tending to prove the plaintiff's cause of action, and upon which the jury could reasonably find in favor of the plaintiff, it is the duty of the court to leave it to the jury to determine its weight and effect.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed June 25, 1884.

Mr. JOHN W. ELA and Mr. W. R. MANLOVE, for appellant; that it was error for the court to take the question of negligence from the jury, cited Wabash R. R. Co. v. Elliott, 98 Ill. 481; Bateman v. Ruth, 3 Daly (N. Y.), 378; Penn. R. R. Co. v. McTiche, 46 Penn. 321; Bigelow v. Rutland, 4 Cush. 247; Williams v. Town of Clinton, 28 Conn. 264; Maloy v. N. Y. Cent. R. R. Co., 58 Barb. 183.

Mr. JULIUS S. GRINNELL, for appellee; that it must first appear in proof that plaintiff was exercising due care before any recovery can be had, cited Kepperly v. Ramsden, 83 Ill. 354; I. & St. L. R. R. Co. v. Evans, 88 Ill. 63; Kewanee v. Depew, 80 Ill. 119; Quincy v. Barker, 81 Ill. 300; Lovinguth v. Bloomington, 71 Ill. 238.

BAILEY, J. This was an action on the case brought by Mary A. Ward against the city of Chicago, to recover dam-

Ward v. City of Chicago.

ages for a personal injury caused, as is alleged, by the negligence of the city. At the time of the injury, West Jackson street was being macadamized, and at the place where it was crossed by Throop street it was then, and for a considerable time had been, in an unfinished condition. The evidence tends to show that at that place the surface of West Jackson street between the curb-stones was covered with small broken rock; that the ditch or gutter next to the curb-stone was about two or two and one half feet in depth; that there was no bridge or apron from the curb-stone across the gutter, but that a plank or scantling was lying on the surface of the street on the other side of the gutter, about two or two and one half feet from the curb-stone; that there was no light at or near the place and no barricade to prevent people from crossing at that point; that on the evening of October 11, 1880, at half past six o'clock or later, it being then nearly or quite dark, the plaintiff, while on her way home from the place of business, was walking south on the east side of Throop street, and on reaching West Jackson street, attempted to step from the curb-stone across the gutter to said plank or scantling, and in doing so, fell and struck upon a pile of stones lying near and severely sprained her wrist. The evidence also tended to show that at the time of the injury she was in the exercise of reasonable and ordinary care.

At the close of the plaintiff's evidence, the court, on motion of the defendant, instructed the jury that there was no evidence proving or tending to prove the material allegations of the plaintiff's declaration, and directed them to find a verdict of not guilty. The jury thereupon gave their verdict in accordance with said instruction, and the court, after overruling the plaintiff's motion for a new trial, gave judgment in favor of the defendant for costs. From this judgment the plaintiff has appealed to this court.

Motions to exclude the evidence and motions to instruct the jury to find for the defendant, are in the nature of demurrers to the evidence, and hence they admit not only all that the evidence proves, but all that it tends to prove. Where, therefore, there is any evidence tending to prove the plaintiff's

cause of action, and upon which the jury could reasonably find in favor of the plaintiff, it is the duty of the court to leave it to the jury to determine its weight and effect: Frazer v. Howe et al. 106 Ill. 563.

We think it clear that the evidence tended to charge the defendant with negligence contributing to the injury complained of, and also to show that the plaintiff was in the exercise of ordinary care. It should then have been submitted to the jury.

It is no answer to say that certain portions of the evidence are susceptible of inferences unfavorable to the plaintiff. If so, it was for the jury to draw such inferences and not for the court. It was not within the province of the judge, on a motion to instruct for the defendant, to weigh the evidence and ascertain where the preponderance was. If upon any reasonable construction, it tended to prove the cause of action, that construction was the one he was bound to adopt.

For the error in the instruction the judgment will be reversed and the cause remanded.

Judgment reversed.